# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRIAN J. RAMSEY, BAR NO. 12475.

No. 82346

FILED

JUN 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. _____
DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Brian J. Ramsey. Under the agreement, Ramsey admitted to violating RPC 1.1 (competence) and RPC 1.4 (communication) and agreed to a one-year suspension, stayed subject to certain conditions.

Ramsey has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by submitting the wrong form on behalf of an immigration client, resulting in the rejection of the immigration petition. He then resubmitted the correct form, but it was rejected because it was outdated and did not include the case number or the fee receipt. He failed to reasonably communicate with the immigration client resulting in the client asking him to withdraw.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

21-17043

Ramsey admitted to knowingly violating duties owed to his client (competence and communication). His client suffered actual or potential injury. Generally, the baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is reprimand. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.53(a) (Am. Bar Ass'n 2017) (providing that reprimand is appropriate when a lawyer "demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client"). Ramsey, however, agreed that Standard 4.42(a), which provides that suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client," applied. The record supports the panel's findings of two aggravating circumstances (multiple offenses and substantial experience in the practice of law) and five mitigating circumstances (absence of prior disciplinary record, absence of a dishonest or selfish motive, character or reputation, imposition of other penalties or sanctions, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Brian J. Ramsey from the practice of law for one year commencing from the date of this order, stayed for one year subject to the conditions outlined in the signed conditional guilty plea agreement.[1] Ramsey shall complete 8 CLEs (4 concerning immigration, 2 addressing diligence and/or time management, and 2

---

[1]The hearing panel's recommended discipline includes slight variations from the signed conditional guilty plea agreement. Because nothing in the record before this court indicates Ramsey agreed to those variations, we cannot adopt those changes, and instead approve the signed conditional guilty plea agreement as written.

addressing communication). Ramsey must also obtain a mentor and meet with the mentor and provide monthly reports to the State Bar as provided in the conditional guilty plea agreement. Additionally, Ramsey must not receive discipline for any grievances reported to the Office of Bar Counsel for conduct engaged in after execution of the Conditional Guilty Plea Agreement through the expiration of the stayed suspension. Ramsey shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. If Ramsey successfully complies with the conditions outlined in the conditional guilty plea agreement, a letter of reprimand for his violations of RPC 1.1 (competence) and RPC 1.4 (communication) shall replace this order of suspension. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, J.
Cadish

_____, J.       _____, J.
Pickering                           Herndon

cc:  Chair, Southern Nevada Disciplinary Board
     Brian J. Ramsey
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court

---

[2]To the extent Ramsey's arguments are not addressed in this order, we conclude they do not warrant relief from the plea agreement and the hearing panel's resulting recommendation.

In light of this order, we deny as moot the State Bar's request to strike Ramsey's brief.